# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ANDREA PEDRO-FRANCISCO, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | |
| | § | |
| PAMELA BONDI, ATTORNEY | § | |
| GENERAL; KRISTI NOEM, | § | |
| SECRETARY, U.S. DEPARTMENT OF | § | No.  3:26-CV-00450-LS |
| HOMELAND SECURITY; TODD M. | § | |
| LYONS, ACTING DIRECTOR OF | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; MARISA FLORES, | § | |
| DIRECTOR, EL PASO FIELD OFFICE | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; AND CURTIS | § | |
| TAYLOR, MAJOR GENERAL, U.S. | § | |
| ARMY AT CAMP BLISS, | § | |
| | § | |
| *Respondents.* | § | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Andrea Pedro-Francisco filed a petition for a writ of habeas corpus[1] and a motion

for a temporary restraining order.[2] For the following reasons, the Court denies Petitioner's motion.

## I.    LEGAL STANDARD.

Extraordinary injunctive relief will issue only if:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2)
there is a substantial threat that irreparable harm will result if the injunction is not
granted; (3) the threatened injury outweighs the threatened harm to the defendant;
and (4) the granting of the preliminary injunction will not disserve the public
interest. [3]

---

[1] ECF No. 1.
[2] ECF No. 4.
[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny injunctive relief.[5]

## II.    ANALYSIS.

Petitioner's motion for a temporary restraining order does not address release from custody, which is what she seeks in her habeas petition,[6] but instead addresses medical needs.[7] She includes in her motion a March 4th email from the detention facility confirming that Petitioner "has received ongoing medical attention since her arrival" and she "will be referred to local healthcare resources for further evaluation and treatment" if the facility cannot meet her medical needs.[8] A habeas petition under 28 U.S.C. § 2241 seeks relief from "custody in violation of the Constitution or laws or treaties of the United States."[9] In *Pierre v. United States*,[10] the Fifth Circuit addressed whether a "court has jurisdiction under its general equity powers to entertain an application for a mandatory injunction to require collateral administrative action independent of, and unrelated to, the issue of the legality of petitioners' custody"[11] and concluded that "habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."[12] Medical care is "extraneous rather than intrinsic to the central question of legality of custody"[13] and is beyond the ambit of a habeas petition.[14]

---

[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).

[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

[6] ECF No. 1 at 2.

[7] ECF No. 4 at 2.

[8] *Id*. at 4.

[9] 28 U.S.C. § 2241.

[10] 525 F.2d 933 (5th Cir. 1976).

[11] *Id.* at 935.

[12] *Id.* at 935–36.

[13] *Id.* at 936.

[14] *See also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (a petitioner "cannot avail himself of the writ of habeas corpus when seeking injunctive relief unrelated to the cause of his detention.").

## III.   CONCLUSION.

"Federal courts are courts of limited jurisdiction having only the authority endowed by the Constitution and that conferred by Congress."[15] As this Court has no authority to order the relief Petitioner seeks, her motion for a temporary restraining order is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 16, 2026.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[15] *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (internal quotes omitted).